## L. M. ANDERSON *v.* A. B. B. IRWIN.

Judgment cannot be recovered against the owners of a steamboat, on a note given by the clerk, although on its face it purports to have been given for stores furnished the boat. If the note is relied on to bind the owners, as a receipt for stores, it must be proved that the clerk who made the note, was clerk at the time that they were received.

A note, given by the chief clerk of a steamboat for stores, is such a settlement of the account, as interrupts the prescription under article 3499 of the code. *(Preston,* J., dissenting.)

APPEAL from the Third District Court of New Orleans, *Kennedy,* J. *J. S. Whitaker,* for plaintiff. *R. H. Barker* and *Marr,* for defendant. By the court; *(Slidell,* J., absent.)

EUSTIS, C. J. I do not recognize the doctrine which authorizes the clerks of steamers to bind their owners by promissory notes, issued by them, as in the case under consideration.

If the document relied upon is to be considered as binding on the owner, as a receipt for stores received for the use of the boat, for which the clerk was authorized to give a receipt on delivery, it ought to have been shown that *Dougherty* was the clerk at the time of the delivery of the stores.

This the evidence does not establish. I think the case is with the defendant on the evidence.

It is ordered, that the judgment of the district court be reversed, and judgment is rendered for defendant, with costs in both courts.

ROST, J. I concur in the opinion of the Chief Justice.

PRESTON, J., dissenting. This suit is instituted on the following instrument:

$565 93. New Orleans, January 17, 1848. One day after date the steamer Clarksville and owners, promise to pay to the order of *Messrs. Lillard, Mosby & Co.,* five hundred and sixty-five dollars and ninety-three cents, for stores furnished up to January 1, 1848.          W. D. DOUGHERTY,

Endorsed, *Lillard, Mosby & Co.*          Clerk steamer Clarksville.

It is proved that *Irwin* was the owner of the steamboat Clarksville, and *Dougherty* the first clerk. The defence is, that *Dougherty* had no power to bind the owners of the boat by a promissory note, or to acknowledge a debt, because, for those purposes, the power under article 2966 of the code must be express.

Concedeing this, a supplemental petition was filed, alleging that stores were furnished by *Lillard, Mosby & Co.*, to the steamboat Clarksville, to the amount and value stated in the note, and this is fully proved by other evidence than the note.

It is next contended, that this claim for supplies of provisions and liquors to a boat, is barred, under art. 3499, by the prescription of one year. The next article declares, that this prescription ceases when there has been an account acknowledged. The expression in the French part of the code is "*compte arrété*" which means "an account stated."

I think the instrument sued upon amounts merely to the statement or settlement of the account of *Lillard, Mosby & Co.*, against the steamboat and owners, up to the 1st of January, 1848.

It is proved to be, the universal usage and custom in steamboats, for the first clerk to keep or settle the accounts of the boat. It is his special business. The appointment of the first clerk of a steamboat, under this general usage, by the very nature of the office, gives power to state or settle the accounts of the boat.

The terms import, rather than imply the power, just as the appointment of the clerk of a merchant amounts to an express power to keep his books, or the appointment of the clerk of a court is an express authority to keep the records. The very name of the office embraces these powers. The settlement of the account and the statement of the balance due, by the signature of the clerk, is the acknowledgment of the account, or "*compte arrété*" established by the code, as the means of stopping the prescription of one year. It was so expressly held by the late Supreme Court in the case of *Davis* v. *Houren et al.*, 10 R. R. 402, and has became a rule of law, on the faith of which the universal usage invoked in this case has grown up. I approve of the principle, and think that justice requires its application to the present case, and that no law forbids it.

I think the judgment of the district court should be affirmed.

Application for re-hearing refused.